**SENATE OF the COMMONWEALTH OF PUERTO RICO, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

**Civ. A. No. 84–1829 (CRR).**

United States District Court, District of Columbia.

July 21, 1992.

Raymond G. Larroca, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for plaintiff.

Jay B. Stephens, U.S. Atty. for the District of Columbia, John Bates and Charles Flynn, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

On June 23, 1992, the Court entertained oral argument on the Plaintiff's Continuing Challenge to the Defendants' Compliance with this Court's Orders and the Defendant's "second stage"[1] motion for summary judgment. The Court also inquired as to the status of certain matters pertaining to the Defendant's "first stage" motion for summary judgment. *See Senate of Puerto Rico v. U.S. Dep't of Justice*, Civ. 84–1829, slip op., 1992 WL 119127 (D.D.C., May 13, 1992). As described herein, the parties did manage to resolve certain issues with respect to the motions for summary judgment. However, the parties could not agree upon whether the government has complied with this Court's prior Orders and could not agree on the means whereby the Court would decide the compliance question. The Court now considers these issues in light of the record herein, the applicable law and the arguments presented at the June 23, 1992 Hearing.

1. *Issues Arising from the Court's May 13, 1992 Opinion on the Defendant's First Stage Motion for Summary Judgment.*

The parties resolved the only remaining issue with respect to the Defendant's "first stage" motion for summary judgment. Pursuant to this Court's May 13, 1992 Opinion in the above-captioned case, the Defendant renewed its "first stage" motion for summary judgment with respect to the document listed at ¶ 7(4) of the July 1988 Declaration of Nelson D. Hermilla. *See Senate of Puerto Rico v. U.S. Dep't of Justice, supra,* slip op. at 9–11 (D.D.C., May 13, 1992). Counsel for the Plaintiff conceded that the Plaintiff had no objection to the redaction of a portion of Document ¶ 7(4) on the basis of Exemption (b)(5). Accordingly, the Defendants' motion for summary judgment with respect to this document shall be granted.

2. *Issues Pertaining to the "Second Stage" Motion for Summary Judgment*

Pursuant to this Court's January 3, 1990 Order, the Defendants have conducted a

---

**1.** The Court has adopted the parties' terminology for ease of reference. The "first stage" summary judgment motion addresses the validity of the government's invocation of FOIA exemptions prior to January of 1990. The "second stage" summary judgment motion tests the validity of the government's decision to withhold certain documents uncovered by the more extensive search which the Defendants conducted pursuant to this Court's January 9, 1990 Order.

search of all instrumentalities of the Department of Justice. Defendants recently submitted *Vaughn* indices detailing the scope of the searches performed and categories of the documents being withheld from release. Although there remain disputes as to the applicability of certain exemptions, some technical matters were resolved at the June 23, 1992 Hearing. The Court has also considered the parties' further briefing as to the technical adequacy of the Llewellyn declaration and is now prepared to resolve this issue.

First, the Court shall address those matters which parties have resolved. The Plaintiff indicated that it had no objection to the Whitlow declaration, provided that Ms. Whitlow certify on the record that a search was conducted at all of the relevant components of the Department of Justice. *See Plaintiff's Reply to the Defendants' June 9, 1992 Response to the Plaintiff's Continuing Challenge,* at 4, filed June 16, 1992 (hereinafter, "Plaintiff's Reply"). Because the Defendants indicated their willingness to provide such a certification, *Defendants' Response to Plaintiff's January 14, 1992 Continuing Challenge,* at 2, filed June 9, 1992, the Court presumes that there will be no further dispute as to the propriety of the withholding in Whitlow declaration. Moreover, the Plaintiff dropped its objections to the withholding of the names of five agents who were not involved in the Cerro Maravilla incident in portions of documents described in the Nisbet declaration. *See Plaintiff's Reply, supra* at 5. The Court understands that there are no further objections to the Nisbet declaration.

■ There are specific problems with the Wright declaration, however. The Court's January 1990 Order required the Defendants to search all Department of Justice subdivisions. The Defendants concede, however, that only the United States Attorneys' Office for the District of Puerto Rico was searched. *See Defendant's Response to the Plaintiff's January 14, 1992 Continuing Challenge, supra,* at 6. Although there may be a valid basis upon which the Defendants concluded that a only limited

search of the United States Attorneys' Offices was necessary, the Defendants have utterly failed to articulate a reason for such a limitation. Given that responsive documents were uncovered in FBI Field Offices throughout the country, the Court is troubled by the Defendants' bare assertion that most of the responsive materials would be located in the United States Attorneys' office for the District of Puerto Rico. Accordingly, the Court shall order the Defendants to supplement the Wright declaration to provide a factual basis for limiting the search of the United States Attorneys' Offices in the face of the January 1990 Order. *See, e.g., Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990) (an agency must show that it has made "a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information"). If the Defendants cannot articulate a factual basis for circumscribing the search, the Defendants shall commence a search of the remaining United States Attorneys' Offices forthwith.

The Plaintiff objects to the third declaration of Angus Llewellyn because it inadequately describes the documents withheld. Plaintiff particularly opposes the use of deleted page sheets and coded document descriptions because these devices derail any attempt to determine the nature of the document and the context of redacted material. At the June 23, 1992 Hearing, the Court suggested that the Defendants cure these deficiencies by employing the techniques used in *Williams v. F.B.I.,* 1991 WL 163757, 1991 U.S.Dist.LEXIS 11692 (D.D.C. 1991). The Defendants resist this suggestion, and now propose a sampling technique akin to that used in *Meeropol v. Meese,* 790 F.2d 942, 956–957 (D.C.Cir.1986) and *Weisberg v. U.S. Dep't of Justice,* 745 F.2d 1476 (D.C.Cir.1984). *See Defendants' Memorandum to the Court,* filed June 25, 1992.

Although the Court appreciates the Defendants' attempts to remedy this problem, the Defendants' suggestions will not suffice. In evaluating the propriety of each claimed exemption, the Court and the Plaintiff must be able to determine the nature of each document and the context of the with-

held material as it relates to the overall Cerro Maravilla investigation. A sampling procedure would not enable the Court to satisfy itself as to each document. While courts have accommodated the government when there is an unreasonably large universe of responsive documents, this case does not require such abbreviated procedures. Moreover, given the allegations of bad faith in this case, *see* discussion, *infra,* the Court would be remiss in allowing the Defendants to avoid careful scrutiny. The Court acknowledges that the Defendants must labor under daunting resource constraints. However, the extremely busy schedule of the Department of Justice's Freedom of Information/Privacy Act Branch is not enough, in itself, to justify the use of special procedures. Thus, as explained at the Hearing, the Court shall order the Defendants to submit a more detailed *Vaughn* index for the FBI documents, describing the investigative context of each document, so that the Court and the Plaintiff may determine the nature of the document and the basis for withholding it in its entirety.

### 3. *Issues Concerning the Government's Alleged Non–Compliance with this Court's Prior Orders*

The Plaintiff has consistently maintained that the Defendants have not complied with this Court's prior Orders. Plaintiff is especially concerned about the Defendants' assertion that the materials contained in the "four boxes" of grand jury materials are no longer available to the Defendants and, therefore, cannot be released. *See, e.g., Defendants' Memorandum to the Court,* filed Nov. 15, 1992. The Plaintiff has also highlighted the variation in the government's own description of the grand jury materials. *See Plaintiff's Continuing Challenge to the Adequacy of the Defendants' Compliance With Court Orders*

*Relating to Grand Jury Exhibits and Objections to Defendants' Vaughn Indexes and Exemption Claims as to Non–Grand Jury Related Documents,* at 10–14, filed Jan. 14, 1992 (noting that the grand jury materials have been described as "four boxes of grand jury material," "four boxes of grand jury exhibits presented in conjunction with 2,000 pages of testimony and exhibits" and "90 exhibits"). Counsel for the Defendants acknowledges the discrepancy in the various descriptions of the grand jury materials, but maintains that the government has turned over all of the grand jury materials to which it has access. Although it would be possible for the government to turn over a list itemizing the whereabouts of the 90 exhibits, the government contends that Fed.R.Crim.P. 6(e) prohibits the dissemination of such a list.

 Upon consideration of the claims advanced by the parties, the Court must agree with the Plaintiff. The Court cannot, on the present record, verify that the Defendants have released those grand jury materials which do not reveal a protected aspect of the grand jury proceedings, as directed by this Court.[2] The only way to determine whether the Defendants have complied with the Court's Orders is for the government to release a list describing the 90 grand jury exhibits[3] and detailing their present whereabouts.

Contrary to the Government's claim, the production of such a list comports with the Court of Appeals' directive in this case as well as the recent case precedent. The Court of Appeals ordered the government to turn over the grand jury materials unless the government could show, for each document, that release would reveal a protected aspect of the grand jury's investigation. *See Senate of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d 574, 583–84

---

2. *See, e.g.,* Order, *Senate of Puerto Rico v. U.S. Dep't of Justice,* Civ. 84–1829 (D.D.C., Jan. 9, 1990); Order, *supra,* (D.D.C., April 15, 1991); Order, *supra,* 1991 WL 212462 (D.D.C., Oct. 2, 1991).

3. The government could provide an abbreviated description of those documents when such a description is necessary to protect the name of a grand jury witness, for example. However, the government should use this tactic sparingly so as not frustrate the Court and the Plaintiff in determining whether the document was, in fact, released.

(D.C.Cir.1987). The fact that the grand jury considered a document, without more, does not immunize the document from disclosure under the FOIA. *Id.* The government's acknowledgement that the grand jury has considered a document at issue is not sufficient to prevent its release. *See id.; Washington Post Co. v. U.S. Dep't of Justice,* 863 F.2d 96, 100 (D.C.Cir.1988). In fact, in both *Senate of Puerto Rico, supra,* and *Washington Post, supra,* the Court of Appeals ordered the government to release grand jury materials, despite the fact that the FOIA requester knew that the documents were placed before the grand jury and despite the fact that the FOIA requester could speculate as to the government's strategy as a consequence of the documents' release. Given this appellate precedent, the government cannot resist disclosing a list of the 90 grand jury exhibits.

The Court recognizes the potentially serious impact of this Order. The Court also recognizes that there is a substantial ground for a difference of opinion as to the interpretation of the Court of Appeals' precedents. Obtaining a firm resolution of these issues would materially advance this litigation because there is a need to evaluate the extent of the government's compliance with the Court's Orders. Moreover, the compliance issue is also relevant in determining whether the Plaintiff's allegations of bad faith should permeate the Court's evaluation of the Defendants' further *Vaughn* indices, affidavits and the like. For these reasons, the Court shall certify this Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[4]

Accordingly, it is, by this Court, this 21 day of July, 1992,

ORDERED that, with the consent of the Plaintiff, the Defendants' "first stage" Motion for Summary Judgment with respect to the document located at ¶ 7(4) of the Hermilla Declaration, withheld on the basis of FOIA Exemption (b)(5), shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that, on or before 4:00 p.m. on August 7, 1992, the Defendants shall file any material supplementing the declaration of Marie G. Whitlow with respect to the completeness of the search conducted by each of the Department of Justice's subdivisions; and that the Plaintiff shall file any objection thereto on or before 4:00 p.m. on August 14, 1992; and that the Defendants shall file any reply thereto on or before 4:00 p.m. on or before August 21, 1992; and it is

FURTHER ORDERED that, on or before 4:00 p.m. on August 7, 1992, the Defendants shall file any material supplementing the declaration of Miriam M. Nisbet with respect to the search conducted by the Executive Office of United States Attorneys; and that the Plaintiff shall file any objection thereto on or before 4:00 p.m. on August 14, 1992; and that the Defendants shall file any reply thereto on or before 4:00 p.m. on August 21, 1992; and it is

FURTHER ORDERED that, on or before 4:00 p.m. on September 21, 1992, the Defendants shall file a revised *Vaughn* index supplementing the declaration of Angus B. Llewellyn with respect to the documents withheld by the Federal Bureau of Investigation, along with a renewed "second stage" Motion for Summary Judgment; and that the Plaintiff shall file any opposition thereto on or before 4:00 p.m. on October 5, 1992; and that the Defendants shall file any reply thereto on or before 4:00 p.m. on October 12, 1992; and it is

FURTHER ORDERED that, on or before 4:00 p.m. on September 21, 1992, the Defendants shall file a listing of each of the ninety (90) grand jury exhibits for which the Defendants have asserted the applicability of FOIA Exemption (b)(3); and it is

FURTHER ORDERED that this listing shall describe the nature and subject mat-

---

**4.** The Court shall not stay proceedings pending any appeal of this Order, however. There is no reason why the Defendants cannot revise their *Vaughn* indices with respect to the "second stage" motion for summary judgment while an appeal as to the proper scope of FOIA Exemption (b)(3) is underway.

ter of each exhibit, including the date, number of pages, the author, the recipient and any other relevant identifying information, as well as the date on which the document was allegedly transferred to the Plaintiff; and it is

FURTHER ORDERED that the Defendants shall not, in the aforementioned listing, disclose the names or other information which would enable one to identify a grand jury witness or member of the grand jury panel; and it is

FURTHER ORDERED that the parties shall submit a joint status report to the Court on or before 4:00 p.m. on October 12, 1992 regarding whether the parties have reached any agreement as to the Defendants' compliance with this Court's prior Orders.

